```
          IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF TEXAS
                  FORT WORTH DIVISION
```

ROSEMARY J. THIBODEAU,           §
                                 §
          Plaintiff,             §
                                 §
VS.                              §   NO. 4:04-CV-583-A
                                 §
JO ANNE B. BARNHART,             §
COMMISSIONER OF SOCIAL           §
SECURITY,                        §
                                 §
          Defendant.             §

## MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the above-captioned action wherein Rosemary J. Thibodeau is plaintiff and the Commissioner of Social Security, currently Jo Anne B. Barnhart, is defendant. On September 9, 2005, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation,[1] and granted the parties until September 30, 2005, in which to file and serve any written objections thereto. The court extended the deadline to November 2, 2005. On November 2, plaintiff filed her objections.

I.

### Standards of Review

Pursuant to 42 U.S.C. § 405(g), the only issues before the court are whether the finding of the Commissioner of which plaintiff complains is supported by substantial evidence, and

---

[1] Citations to the proposed findings, conclusions, and recommendation issued by the United States Magistrate Judge will be "FC&R."

whether the decision of the Commissioner that plaintiff was not disabled within the meaning of the Social Security Act during the time period in question complies with applicable legal standards. Crouchet v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989).  If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.  Richardson v. Perales, 402 U.S. 389, 390 (1971).  The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings.  Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987).

Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Crouchet, 885 F.2d at 204.  In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history.  Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendations, and the plaintiff has made objections thereto, the district judge makes a de novo determination of those portions of the magistrate judge's specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court now makes that determination in the context of the basic principles mentioned above.

## II.

### Plaintiff's Objections and Rulings Thereon

Plaintiff was employed as a flight attendant in March 2001 when she had an on-the-job accident. She is claiming a closed period of disability for thirty-four months, from March 31, 2001, the date of her accident, to January 10, 2004, when she was released by her doctor to return to work. Pl.'s Objections at 2. The administrative law judge ("ALJ") found that between March 2001 and January 2004 plaintiff was not under a "disability," as defined in the Social Security Act, because she retained the functional capacity to perform the requirements of light work activity, with specified limitations. Tr. 24, ¶ 5. An ingredient of the ALJ's finding relative to capacity to perform light work activity was his finding that she retained the capacity to stand/walk for four hours out of an eight-hour workday. Id.

Plaintiff characterizes the sole issue on appeal to be "whether the ALJ's residual functional capacity [] finding that

3

[plaintiff] can stand/walk for four hours is unsupported by substantial evidence in the record."  Pl.'s Objections at 4. Subsidiary objections made by plaintiff are as follows:

- A. The ALJ's residual functional capacity finding improperly relies on the opinion of a chiropractor.

- B. Consultative examiner Ingrid Zasterova's opinion, the only physician's opinion the ALJ professed to rely on in rendering his residual functional capacity finding, does not establish that Ms. Thibodeau can stand/walk for four hours per workday.

- C. Treating orthopedist John Peloza's opinion does not support the ALJ's residual functional capacity finding that Ms. Thibodeau can stand/walk for four hours per workday.

Id. at 2.  The court has concluded that plaintiff's objections are without merit.

The basic flaw in plaintiff's objections is that plaintiff proceeds on the assumption that the questioned finding of the ALJ is predicated on the opinion of a chiropractor; and, plaintiff fails to acknowledge that the ALJ made clear in his opinion that he was relying on the entire record, not the opinion of any one health care provider.  In the Introduction part of his Decision, the ALJ said that his ultimate conclusion that plaintiff was not disabled was based on a review of the entire record.  Tr. 15. In the Rationale section, the ALJ said that he had "considered all of the medical evidence of record" and that "[w]hile [he] had not specifically recited and described each of the medical exhibits in the record, [he had] considered them in making [his] decision as to the claimant's residual functional capacity."  Tr. 20.

4

There is ample evidence in the record as a whole to support the finding of the ALJ that plaintiff retained the capacity to stand/walk for four hours during an eight-hour workday.

At the outset, the court notes that the ALJ was entitled to minimize the significance of some of the findings of the treating physician because they were so heavily influenced by subjective complaints of discomfort and pain expressed by plaintiff.  Her subjective symptoms often did not match up with the objective findings.  As sometimes happens with treating physicians, plaintiff's undoubtedly gave her the benefit of the doubt by accepting at face value all her subjective complaints.  In contrast, when plaintiff underwent an evaluation on September 18, 2001, by a physician retained by the Texas Workers' Compensation Commission, Tr. 161, the examining physician expressed the opinion that plaintiff could return to work without any restrictions as of September 18, 2001, Tr. 167.  While that opinion is certainly not something of controlling significance, it is an evidentiary factor the ALJ was entitled to consider.

Moreover, the ALJ was entitled to take into account that when plaintiff was evaluated by Dr. Peloza in June 2001, objective tests for the most part produced negative results.  Tr. 17.  She had a normal gait, heel and toe walking without appreciable weakness.  Id.  No impingement signs were noted.  Id.  Her wrists and elbows were within normal limits.  Id.  She had negative Hoffman's sign and negative Spurling's test.  Id.  Her reflexes were present and symmetric.  Id.  Motors were 5/5 and

5

symmetric. Id. No nerve tension signs were noted. Id. She had full and pain free range of motion throughout the hips and lower extremities on all planes, and she had negative straight-leg raises and negative femoral-stretch tests. Id.

Dr. McGarrah, who saw plaintiff in July 2001 for an independent medical evaluation and impairment rating, placed plaintiff in the medium work classification. Tr. 17. Plaintiff was referred to Dr. McGarrah by her then-treating physician. Id. He recommended possible return to light duty in two weeks after active rehabilitative strengthening exercise. Id. Dr. McGarrah's limitations for light-duty work were "no lifting over 40 pounds, no prolonged standing or sitting more than two hours at a time, and no standing, walking, or sitting more than six hours in a day at a time." Tr. 18-19.

When plaintiff underwent a consultative orthopedic examination by Dr. Zasterova in November 2002, she was found to have a normal gait and station and the ability to walk on toes, heels, and tandem. Tr. 327. She could squat almost completely and raise herself up with some difficulty, but unaided. Id. Straight-leg raising was negative supine and seated bilaterally. Id. Of particular significance, she had no muscle atrophy. Id. There was no sensory deficit. Id. This examiner reported that plaintiff could sit one hour, stand twenty minutes, and walk one mile. Id.

In addition, the ALJ had the benefit of plaintiff's statements that while off work she had been painting a dresser at

6

home and doing remodeling of a bedroom.  Tr. 162.  The FC&R has a more complete summary of the evidence supporting the disputed finding of the ALJ.  The fact that an argument might be made that the ALJ could have made a finding more favorable to plaintiff under the record is not the test.  Rather, the test is whether the finding made by the ALJ is supported by substantial evidence.  The court concludes that it is.

   As to the subsidiary objection that the ALJ's residual functioning capacity finding improperly relies on the opinion of a chiropractor, the court concludes that plaintiff has missed the point of the Rationale given by the ALJ for his decision.  As noted above, the ALJ took into account the entire contents of the record when deciding the disability issue, including the residual functional capacity factors.  Nor is the court persuaded by the subsidiary objection having to do with the opinion of consultative examiner Ingrid Zasterova.  That objection again overlooks that the ALJ was entitled to rely on the entire record, and to give each part of the record such weight as it might deserve.  Finally, as to the subsidiary objection pertaining to Dr. Peloza's opinion, the court concludes that the ALJ provided sufficient reasons for his declination to accept at face value all opinions expressed by Dr. Peloza.  While not as artfully stated as might be desired, the ALJ gave an appropriate explanation for his declination to accept the treating physicians' opinions in their entirety.

The ALJ was entitled to determine the credibility of the medical experts and weigh their opinions accordingly. Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir. 1990). While the opinion of a treating physician is normally accorded considerable weight in determining disability, the ALJ may give less weight to a treating physician's opinion when that opinion is so brief and conclusory that it lacks strong persuasive weight, is not supported by medically acceptable clinical laboratory diagnostic techniques, or is otherwise unsupported by the evidence. Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985). A treating physician's opinion may also be rejected if the record reflects that the physician is not credible and is "leaning over backwards to support the application for disability benefits." Id. (citing Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir. 1982)).

### III.

### Conclusion and Order

For the reasons stated above, all objections of plaintiff are without merit. Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendations. Consistent therewith,

The court ORDERS that the Commissioner's decision that plaintiff did not qualify for a period of disability and disability insurance benefits be, and is hereby, affirmed.

SIGNED February 28, 2006.

      /s/ John McBryde
JOHN McBRYDE
United States District Judge